# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **FREDDIE CANN** | **CIVIL ACTION NO. 09-2130-P** |
| **VERSUS** | **JUDGE WALTER** |
| **LOUISIANA PAROLE BOARD** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for disposition.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Freddie Cann, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on December 9, 2009. At the time of filing, Petitioner was incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana. He names the Louisiana Parole Board as respondent.

On December 10, 1998, Petitioner was granted parole. On July 10, 2001, Petitioner was charged with absconding and on September 13, 2001, the Louisiana Parole Board issued a warrant for his arrest. On August 10, 2005, Petitioner was arrested in Michigan based on the arrest warrant. On February 16, 2006, the Louisiana Parole Board prepared the parole revocation notice against him. Petitioner claims that on March 9, 2006, he was extradited to Louisiana, served the revocation notice, and appeared for his parole revocation hearing.

He claims his parole was revoked.

In support of this petition, Petitioner alleges (1) his due process rights were abrogated by the lack of an extradition hearing and probable cause determination and (2) the state courts application of Morrissey to his case was unreasonable and incorrect.

Petitioner claims in his petition that he has exhausted these claims through the appropriate state courts. However, his claims were not properly exhausted through the appropriate state courts. The documentation submitted by Petitioner includes a copy of a writ denial from the Louisiana First Circuit Court of Appeal which shows his writ application was denied pursuant to Louisiana's procedural bar URCA 4-5 which requires a copy of the judgment complained of be attached to the writ application. The Supreme Court of Louisiana denied writs without reason on November 6, 2009. See Cann v. La. Dept. of Probation and Parole, 21 So.3d 313, 2009-300 (La. 11/6/09).

On September 12, 2011, Petitioner was ordered to demonstrate cause for his failure to present these claims to the appropriate state courts and actual prejudice as a result of the alleged assignments of error or to demonstrate that this Court's failure to consider his claim will result in a fundamental miscarriage of justice [Doc. 7]. On October 6, 2011, Petitioner filed a response in which he argues that his claims were properly exhausted [Doc. 8].

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right

to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra. When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's [or petitioner's] efforts to develop the "factual or legal basis of the claim." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials" that makes compliance with the state procedural rule impracticable

and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.

The Supreme Court has long held that comity concerns dictate that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. Coleman, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509,518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. The independent and adequate state ground doctrine ensures that the State's interest in correcting their own mistakes is respected in all federal habeas cases. In the absence of the independent and adequate state ground doctrine, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Id. While subject to rebuttal by the petitioner, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones, 61 F.3d at 416.

Petitioner argues his claims are not procedurally barred because he properly exhausted state court remedies. However, Petitioner fails to show or even argue that an objective factor external to the defense impeded his efforts to raise the claims in state court and comply with the Louisiana procedural requirement of URCA 4-5 that a copy of the judgment complained of be attached to the writ application. Instead, Petitioner argues that the Louisiana Parole

Board failed to afford him a preliminary hearing and allow him to present evidence on his own behalf. Because Petitioner has failed to make a showing of cause, the procedural default rule applies, without the necessity of considering whether the alleged constitutional error caused actual prejudice. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995).

In Hopkins v. Cain, 228 Fed.Appx. 458, 2007 WL 1206821 (5th Cir. 2007), the Fifth Circuit affirmed a judgment of this court which denied a petitioner's 28 U.S.C. § 2254 petition because his claims were procedurally barred by La. C.Cr.P. art 930.4 and URCA 4-5.

There is a narrow exception to the "cause" requirement. If the petitioner can demonstrate that the alleged constitutional violation probably has caused the conviction of an innocent person and the failure to entertain the claim would result in "a fundamental miscarriage of justice," the court may consider the claim. Murray v. Carrier, supra. The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence." Sawyer v. Whitley, 505 U.S. 333, 339-342, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). "The term 'actual innocence' means factual, as opposed to legal, innocence --'legal innocence', of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." Johnson v. Hargett, 978 F.2d 855, at 859, (5th Cir. 1992). To fall within the actual innocence exception, a habeas petitioner must show that the trier of facts would have entertained a reasonable doubt of his guilt. Kuhlmann v. Wilson, 477 U.S. 436, at 454 n. 17, 106 S.Ct. 2616, at 2627 n. 17.

Petitioner argues he was not allowed to present evidence at a preliminary hearing and, subsequently, the State of Louisiana revoked his parole without the proper documentation and/or violations for the revocation. Petitioner further argues he was not provided an extradition hearing. Thus, Petitioner claims his incarceration is illegal. The actual innocense exception clearly does not apply here as Petitioner makes no allegations of factual innocence as to the charge of absconding from supervision.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within (14) fourteen days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 13th day of October 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE